**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10042 |
| Plaintiff - Appellee, | D.C. No. CR 09-00115-RLH-PAL-1 |
| v. | |
| CURTIS CARAWAY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted October 5, 2010[**]
San Francisco, California

Before: KLEINFELD and GRABER, Circuit Judges, and MOLLOY, District
Judge.[***]

Defendant Curtis Caraway appeals his conviction, after a jury trial, for

attempted interference with commerce by robbery, in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

§ 1951, and using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c).  Defendant also appeals his sentence.

1. Reviewing de novo, United States v. Carranza, 289 F.3d 634, 641 (9th Cir. 2002), we hold that sufficient evidence supports the conviction.  "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" United States v. Sullivan, 522 F.3d 967, 974 (9th Cir. 2008) (per curiam) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Here, two eyewitnesses identified Defendant as the robber and identified the firearm retrieved from Defendant as the weapon used during the robbery.  Although the witnesses stated that they were less than certain in their identification of Defendant, complete certainty is not required and a rational juror could have credited their testimony.  Moreover, the eyewitnesses testified that the clothing that Defendant was wearing at the time of his arrest matched the clothing worn by the robber.

Regardless of the arguably weak identifications by the witnesses inside the store, the jury could infer identity from Caraway's behavior after leaving the store. The fact that he began running away when a police car shined a light at him, and that he gratuitously pointed a gun at the police during his flight, supported an

inference that he was the robber and had very good reason to flee and not get caught.  See Marcoux v. United States, 405 F.2d 719, 721 (9th Cir. 1968) (recognizing that flight and resistance to arrest are admissible evidence of guilt).

2. With regard to sentencing, the Government concedes Defendant's assertion that he should not have received a two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight, because he had already received the six-level enhancement under U.S.S.G. § 3A1.2(c)(1) for the same conduct.  We therefore vacate the sentence and remand the case for resentencing, with instructions to recalculate Defendant's offense level without the two-level enhancement under U.S.S.G. § 3C1.2.

**AFFIRMED in part, VACATED in part, and REMANDED.**